JOHN C. O'LEARY *vs.* OLIVER J. STEWARD.

April 27, 1891.

**Clerk of District Court—Term of Office.**—The terms of office of such clerks of the district court as, commencing in January, 1884, would terminate in January, 1888, were not affected by the amendments of the constitution adopted in 1883, but they continued to January, 1888, and the succeeding terms commenced at that time.

**Same.**—Nor were such terms affected by Laws 1885, c. 30, § 3.

Petition for writ of *quo warranto* against the holder of the office of clerk of the district court for Wright county, to which the petitioner claims to be entitled as having been elected at the general election on November 4, 1890, and having received a certificate of election and having duly qualified. The respondent's title, as set forth in the petition, is stated in the opinion. The cause was heard on the petition, on return of the order to show cause issued thereon.

*Shores & Hawley* and *Wendell & Pidgeon,* for petitioner.

*Daniel Fish,* for respondent.

GILFILLAN, C. J.[1] The respondent was elected at the general election in the year 1883 to the office of clerk of the district court in the county of Wright. The term of office (fixed by the constitution at four years) was to commence in January, 1884. Unless the term of office of the clerk of the court in that county was in some way

---

[1] Mitchell, J., took no part in this decision.

changed by the constitutional amendments adopted in 1883, the succeeding term commenced in January, 1888, and will terminate in January, 1892. At the general election in 1886 the respondent was again elected to the office.

The amendments referred to, so far as they changed constitutional terms of office, were adopted with reference to the change from annual to biennial general elections. Some terms were lengthened, some shortened. All that were changed were made to consist of an even number of years, but few terms fixed by the constitution were changed. No change was made in the terms of clerks of the district courts, except as some of them may have been lengthened by the amendment to article 7, to the effect that "all state, county, or other officers elected at any general election, whose terms of office would otherwise expire on the first Monday in January, A. D. 1886, shall hold and continue in such offices, respectively, until the first Monday in January, 1887." This, of course, could have no effect upon such officers whose terms would expire in January, 1888. It may have been the purpose of the framers of this amendment to so provide that all terms of office should expire in January of odd-numbered years, in which case persons to fill such offices might be elected in November preceding. But, if so, the purpose was not expressed. The case of terms of office which would expire in January, 1888, was not provided for at all, nor were such terms in any way affected. In framing and adopting the amendment, it may have been overlooked that there were offices not specified, the terms of which, fixed by the constitution, would terminate in even-numbered years. To keep such offices filled, the elections of officers to fill them must be had, under the biennial election system, about fourteen months before the terms for which such officers are elected commence. Thus the respondent was elected in November, 1886, to fill a term that would not commence till January, 1888.

It is argued by relator that by Laws 1885, *c.* 30, § 3, providing that the terms of all state and county officers shall commence on the first Monday in January next succeeding their election, except as otherwise provided by law, respondent's term of office for which he was elected in 1886 commenced in January, 1887. This might be so if

the legislature had power to change the term of office fixed in the constitution, which it has not. Again, it is argued that because the respondent, under his election in 1886, filed his oath of office and bond in January, 1887,— that is, because he qualified one year sooner than was necessary,—he is to be taken to have relinquished, or resigned as to, the fourth year of his then term, so that the term for which he had been elected commenced in January, 1887. Without considering whether he could, by any act he alone did, make the term for which he had been elected commence in 1887 instead of 1888, we will say there is nothing to suggest such an intention by him. The only reference in the qualifying papers to a term is, in the bond, to the term commencing in January, 1888.

Order to show cause discharged.