STATE OF MINNESOTA ex rel. H. W. CHILDS, Attorney General, and
Another v. JOHN C. O'LEARY.[1]

February 7, 1896.

Nos. 9875—(356).

**Clerk of District Court—Term of Office.**

The term of office of a clerk of the district court is limited by the constitution (article 6, § 13) to four years. He is not empowered to thereafter hold the office until his successor is elected and qualified.

**Same—G. S. 1894, §§ 866, 867—Vacancy—How Filled.**

The effect of Laws 1891, c. 39, §§ 1, 2 (G. S. 1894, §§ 866, 867), was to create vacancies in the office of clerk of the district court, in all of the counties affected by the act, on the first Monday in January, 1896, which vacancies were to be filled by appointments in accordance with the provisions of G. S. 1894, § 865.

**Same—Prospective Appointment.**

The general rule is that a prospective appointment to fill a vacancy sure to occur in a public office, made by an officer who, or by a body which, as then constituted, is empowered to fill the vacancy when it arises, is, in the absence of a law forbidding it, a valid appointment, and vests title to the office in the appointee.

Information on the relation of H. W. Childs, attorney general, and Charles H. Vorse, praying for a writ of quo warranto directed to John C. O'Leary, and commanding him to show by what warrant he holds the office of clerk of the district court for Wright county, and to show cause why he should not surrender the office to said Charles H. Vorse. A writ duly issued, and respondent answered. It was alleged in the information, and admitted in the answer, that respondent at a general election in November, 1890, was elected to the office referred to, and that he duly qualified; that on the first Monday of January, 1892, he took possession of the office, and that he continued therein until January 6, 1896; that on December 27, 1895, relator Vorse was by the judges of said district court appointed to said office; and that, after filing an approved bond and taking the required oath, on January 6, 1896, he

[1] Reported in 66 N. W. 264.

demanded of respondent possession of the office, which was re-fused. Judgment of ouster.

*H. W. Childs,* Attorney General, *Wm. E. Culkin,* and *F. H. Lindsley,* for relators.

*Young & Fish,* for respondent.

COLLINS, J. O'Leary, respondent in this proceeding, having theretofore been elected, was duly inducted into office as clerk of the district court for Wright county on the first Monday of January, 1892. The term of such officer is fixed at four years by section 13, art. 6, of the state constitution, and there is no provision for further retention of the office under any circumstances.

The terms of judges of the district court[2] and of judges of probate[3] are also definitely prescribed in article 6, but no provision is made for either to hold over, while in the same article, in addition to specifying the terms of office of justices of the supreme court,[4] and of the clerk of that court,[5] it is expressly provided that each shall hold the office, when elected, until his successor is elected and qualified. No reason can be suggested why the framers of the constitution should make this distinction as to continuance in office after the expiration of the prescribed terms, but that it was done is significant and controlling. O'Leary's term expired at the end of the four years, January 6, 1896. This view of the constitutional provisions, in so far as they apply to the offices of clerks of the district court and judges of probate, was announced, without elaboration, in State v. Sherwood, 15 Minn. 172 (221), and State v. Frizzell, 31 Minn. 460, 18 N. W. 316.

But O'Leary's claim to possession of the office is also based upon the provisions of G. S. 1894, §§ 866, 867. These two sections were Laws 1891, c. 39, §§ 1, 2. By section 1 (section 866) it was provided that in all counties in which the term of the office of clerk of the district court should expire on the first Monday of January, 1896, their successors should be elected at the November general election of that year. By section 2 (section 867) it was provided "that when vacancies shall occur in said offices under the provisions of section one of this act" (chapter 39) the office shall be filled as now provided by law.

---

[2] Const. art. 6, § 4.　　[3] Id. § 7.　　[4] Id. § 3.　　[5] Id. § 2.

The purpose of these two sections is plain. It was the intention of the lawmakers to do away with existing conditions in respect to the office of clerk of the district court in some of the counties of the state, the result of the change from the annual to the biennial system of elections. These conditions were commented upon in the case of O'Leary v. Steward, 46 Minn. 126, 48 N. W. 603, in which this respondent's right to take possession of this same office in January, 1891, was disposed of. By postponing the election of clerks of the district court in a large number of counties where their terms, as fixed by the constitution, expired in 1896, from the general election held in November, 1894, until that held in 1896, the election laws of the state would be made more symmetrical, in that it would abolish, and for all time end, the necessary, but unfortunate and undesirable, practice of electing these clerks about 14 months prior to the day on which their terms of office would commence. This was the primary object in the enactment of section 866. But as the terms of the incumbents in these various counties would expire by constitutional limitation on the first Monday in January, 1896, some nine months prior to the election of their successors, it became necessary to provide for the occupancy of the office so that there should be no vacancy or interregnum, and this led to the enactment of section 867, a part of its language having been quoted herein.

It is claimed by respondent's counsel that, by providing for the election of successors to those who held these positions in 1895, it was intended to continue them in office for another year,—in other words, that immediate followers in office were meant by the use of the expression "successors thereto," in section 866. To so construe this expression would be to give as much force to it as if the legislature had expressly provided in apt and chosen language that the present occupants should continue to exercise the powers and discharge the duties of their respective offices for another year. If such had been the intent, it would not have been left in doubt or uncertainty; for, under any of the definitions of the word "successor," any future occupant of this office is the successor of the respondent, just as he is the successor of any of the incumbents who preceded him, no matter when.

But the legislative intention does not wholly depend upon a con-

struction of any part of section 866. It was well understood that, as the terms of office of the clerks of court in the counties affected by the law would terminate in January, 1896, some provision would have to be made for filling the vacancies necessarily to occur. This was the purpose of section 867. It expressly refers to vacancies occurring under the provisions of the preceding section, namely, by reason of a postponement of the election in 1894 and a failure to elect that year for the term commencing on the first Monday of January, 1896, and, referring to these vacancies, it simply provides that they shall be filled in the manner now provided,—that is, by appointment under G. S. 1894, § 865. The language used in section 867, "when vacancies shall occur in said offices under the provisions of section one of this act," refutes the idea, and completely demolishes the claim of respondent's counsel, that the vacancies referred to were those which might occur during the holding-over period by the happening of either of the events mentioned in G. S. 1894, § 892. We therefore hold that O'Leary's term expired on January 6, 1896, and that on the expiration of his term a vacancy would occur, to be filled by appointment in accordance with the provisions of section 865, supra.

The only question remaining for consideration under the facts now before us, is whether the appointment of the relator Vorse was regular and valid. All of the judges of the Fourth judicial district, in which is situated Wright county, united in a written appointment, of date December 27, 1895, and Vorse was thereby appointed to succeed O'Leary, and to hold the office of clerk of said court from and after the first Monday of January, 1896. It is urged that this appointment was premature, and should not have been made until after O'Leary's term expired,—not until there was a real vacancy. We do not concede the right of the latter to raise this question, but it is the general rule that a prospective appointment to fill a vacancy sure to occur in a public office, made by an officer who, or a body which, as then constituted, is empowered to fill the vacancy when it arises, is, in the absence of a law forbidding it, a valid appointment, and vests title to the office in the appointee. Haight v. Love, 39 N. J. Law, 14; Whitney v. Van Buskirk, 40 N. J. Law, 463; Smith v. Dyer, 1 Call, 562. See, also, State v. Irwin, 5 Nev. 111. Cases to the contrary have been decided wholly

upon local statutes. If there are any limitations upon, or exceptions to, this general rule, they have no application to the facts now before us.

Let a writ issue ousting the respondent O'Leary from the office of clerk of the district court for Wright county.

