J. B. SPENCER v. C. E. GRIFFITH.

October 28, 1898.

| 74 | 55 |
|----|----|
| f83 | 296 |

No. 11,495.

County—Election of Officers—Const. art. 11, § 4—Holding Over by Appointed Officers.

Section 4, of article 11, of the constitution requires county officers ordinarily and usually to be elected by the people, and the legislature cannot provide for passing by a general election, and allowing appointed officers to hold over to the next succeeding election, unless there is some substantial reason therefor.

Same—Exception—Thinly-Settled Counties.

But *held*, when a sparsely-settled unorganized county is first organized, there may be such a reason in the fact that it will take nearly all of that time to organize the county government and get it into fair working order.

Petition in the supreme court to compel respondent, as county auditor for Cass county, to place petitioner's name on the official ballot as a candidate for county commissioner, or to show cause why this should not be done.   Order to show cause discharged.

*Wm. Feltus*, for petitioner.

*Wilson & Van Derlip*, for respondent.

CANTY, J.

The petitioner alleges that he was duly nominated by the People's party as a candidate for county commissioner of the county of Cass, and filed his nominating certificate, but that the county auditor refuses to put his name on the official ballot.   An order to show cause was issued to the auditor by me under G. S. 1894, § 48.

The auditor in his return states that Cass county was organized under Laws 1897, c. 99, and in May, 1897, the governor appointed five certain named persons as county commissioners for the term of four years each, pursuant to that act; that they qualified and entered on the discharge of their duties; and that there is no vacancy in any of the offices of county commissioners to be filled at the next election.

The petitioners assailed the return as insufficient, and the matter was heard by the full bench.

Section 2 of said chapter 99 provides:

"In every county organized by this act the governor shall appoint the number of commissioners to which said county is entitled under this act, and the said commissioners shall, within thirty days after notice of their appointment, meet and qualify and enter upon the duties of their office, and they shall hold their offices for a period of four years and until their successors are elected and qualified. The commissioners so appointed shall, within thirty days after qualifying as such, appoint all the other county officers for such county which the county commissioners of organized counties are now authorized by law to appoint; and the other county officers shall be appointed as now provided by law. All of said county officers shall hold their offices until the next general election and until their successors are elected and qualified."

The act further provides that the county commissioners shall locate the county seat, and at their July meeting in 1900 shall divide the county into commissioner districts.

Petitioner contends that, so far as section 2 provides that the commissioners appointed by the governor shall hold for four years, it is unconstitutional and void. Section 4, art. 11, of the constitution, provides:

"Provision shall be made by law for the election of such county or township officers as may be necessary."

Petitioner contends that, in providing that the commissioners appointed by the governor shall hold four years, the legislature attempted to evade this section of the constitution. We are of the opinion that this section requires county officers ordinarily and usually to. be elected by the people; that the legislature cannot provide for passing by a general election, and allowing an appointive county officer to hold over beyond such election, and to

the next election, unless there is some substantial reason for it, which the legislature in its discretion may deem sufficient.

But, in our opinion, there is such a reason. These commissioners were appointed in May, 1897, and by next election will not have held office more than a year and a half. The court will take judicial notice that, when chapter 99 was passed, Cass county was (and still is) sparsely populated, and it would take some length of time to organize the county government. The county may be organized in form, but not in fact, as soon as its officers are appointed. It will take some length of time afterwards to get the machinery of government into fair working order. The legislature may provide that the appointed officers shall hold during this formative period, and, if that period continues so far beyond the next election that it is not worth while to change officers until the next succeeding election thereafter, the legislature may provide that the appointed officers shall hold until after the latter election.

These principles apply to this case, and the legislature were warranted in assuming that the formative period would run so far beyond the next election that it was not worth while to elect county commissioners until the election two years hence.

The order to show cause is therefore discharged.

BUCK, J. (dissenting).

I dissent. The legislative enactment under consideration is contrary to the spirit, if not the plain terms, of the constitution, and is in direct conflict with the general laws of the state upon matters of this kind. No good reason has ever been given why the general law upon this subject is not as applicable to a sparsely-settled county as to a more thickly-settled one, and I do not believe that any such reason can be given. Cass county has 800 voters and several thousand inhabitants, and they are presumed to be as intelligent and capable of organizing a county governed in due form, and in as short a period of time, as a county with a greater population. To deprive the people who have lived there many years of the same right to elect their officers and establish a county government in the same method as that granted to other counties equally as thinly settled is special legislation of the most unjust and mis-

chievous kind, and finds no warrant, in my opinion, in any correct interpretation of the law.

I therefore dissent.