## STATE EX REL. FRED J. FISCHER v. JOHN A. BERG.[1]

### May 12, 1916.

### Nos. 19,929—(259).

**County officers — term of office — act constitutional.**
> The act of April 23, 1913 (Laws 1913, c. 458), fixing the terms of certain county officers at four years, and operating prospectively, is constitutional, and there will be no election of such officers in 1916.

Upon the relation of Fred J. Fischer this court granted its alternative writ of mandamus, directed to John A. Berg, as county auditor of

[1]Reported in 157 N. W. 907.

---

Note.—On the power to extend term of office by postponing time for election see notes in 3 L.R.A.(N.S.)887; L.R.A. 1915 C, 378.

133 M.—5.

Wright county, requiring him to accept relator's petition and file and place his name on the official primary ballot of Wright county as a candidate for the office of county treasurer at the primary election to be held in June, 1916, or show cause why he had not done so. Discharged.

*W. H. Cutting* and *J. J. Woolley,* for relator.

*S. A. Johnson, George H. Sullivan, Reuben Thoreen* and *O'Brien, Young* and *Stone,* for respondent.

*Warren E. Greene* and *Charles E. Adams,* as *amici curiae,* filed a brief in favor of respondent.

DIBELL, C.

Order issued by this court pursuant to G. S. 1913, §357 (R. L. 1905, § 202), directed to the county auditor of Wright county, requiring him to accept the filing of the petitioner as a candidate for the office of county treasurer at the June, 1916, primary, or show cause to the contrary.

The incumbent was elected in 1914 for the term commencing on the first Monday in January, 1915. If his term is two years his successor will be elected in November, 1916. If it is four years a county treasurer will not be elected then. The statute of 1913 (Laws 1913, p. 668, c. 458), so far as here material, is as follows:

"Section 1. ELECTION OF COUNTY OFFICERS IN 1914. — In every county in this state there shall be elected at the general election in 1914, and not before, a county auditor, county treasurer, sheriff, register of deeds, county attorney, coroner, county surveyor and county superintendent of schools.

"Sec. 2. TERMS TO BE FOR FOUR YEARS. — The terms of office of the said county officers shall be four years and until their successors are elected and qualified and shall begin on the first Monday in January next succeeding said election; and said offices shall be filled by election every four years thereafter."

Prior to this statute the county officers named in it held office for two years. It was amended by Laws 1915, p. 233, c. 168; and the latter act, so far as applicable to clerks of court, was considered in State v. Berg, 132 Minn. 426, 157 N. W. 652.

The question before us is upon the constitutionality of the statute. No question is involved of extending the term of an incumbent or of depriving an office of its elective character. See Jordan v. Bailey, 37 Minn. 174, 33 N. W. 778; Spencer v. Griffith, 74 Minn. 55, 76 N. W. 1018; State v. Windom, 131 Minn. 401, 155 N. W. 629. The office is elective and no one holds a four-year term unless elected for that period. The only question is whether the legislature has constitutional power to make the terms of office of the county officers named in the statute four years. It is hardly necessary to remark that if the legislature has authority to prescribe four-year terms the statute is not invalid because of the hold-over provision though it be ineffective. None of these county officers named in the statute are mentioned in the Constitution. Section 4 of article 11 of the Constitution is as follows: "Provision shall be made by law for the election of such county or township officers as may be necessary." The effect of this provision is to make county officers elective. Spencer v. Griffith, 74 Minn. 55, 76 N. W. 1018. It does not determine what county offices shall be created, nor does it prescribe terms of office, nor does it forbid the fixing of terms by the legislature. Unless there is somewhere in the Constitution a provision fixing the terms of the county officers, there resides in the legislature constitutional power to prescribe four-year terms; and that there is such provision is the precise contention of the petitioner. He refers to the amendment of 1883 (Const. art. 7, § 9), establishing an official year and providing for a biennial election, which, so far as here material, is as follows: "The first general election for state and county officers, except judicial officers, after the adoption of this amendment, shall be held in the year 1884, and thereafter the general election shall be held biennially." The argument is that the provision fixing the biennial election for even numbered years by implication fixes the terms of officers, whose terms are not fixed by the Constitution, at two years. In speaking of it in State v. Frizzell, 31 Minn. 460, 18 N. W. 316, Justice Mitchell says: "It is not dealing with terms of office,—that matter has been elsewhere disposed of." The reference is to amendments to articles 5 and 6 adopted at the same time fixing the terms of certain officers. The argument of the petitioner is ingenious, and is forcefully presented, but it is unsound. A natural construction does

not bring the result claimed. The construction sought is clearly wrong. The Constitution does not expressly nor by implication fix the terms of county officers enumerated in the statute. Whether such terms shall be two years or four years is a question of policy determinable by the legislature. The act of 1913 is constitutional, the county officers named in it who were elected in 1914 were elected for four years, and there will be no election of their successors in 1916.

Order discharged.