## HANS B. IMSDAHL v. M. D. WEEKS.[1]

March 28, 1924.

No. 24,040.

**Term of appointed officer in new county.**

1. The term of office of a county officer appointed when a new county is created continues until the first Monday in January following the next general election at which county officers are elected in all the counties of the state.

[1] Reported in 197 N. W. 973.

**Writ of mandamus quashed.**

2. The alternative writ of mandamus requiring the county auditor of the newly created county of Lake of the Woods to accept and file the affidavit of a candidate for the office of register of deeds and place his name upon the primary election ballot for the primary election to be held in June, 1924, should be quashed.

Upon the relation of Hans B. Imsdahl the supreme court granted its alternative writ of mandamus directed to M. D. Weeks, as auditor of that county, commanding him to receive and file the affidavit of relator immediately. Writ quashed.

*Clifford L. Hilton*, Attorney General, *Rollin L. Smith*, Assistant Attorney General, and *Albert Chilgren*, for relator.

*E. C. Middleton*, for respondent.

LEES, C.

Lake of the Woods county was created by proclamation of the Governor on November 28, 1922, out of territory which had been part of Beltrami county.

Pursuant to section 640, G. S. 1913, the county board appointed relator to the office of register of deeds, without designating the term for which he should hold the office. The appointment was made on December 13, 1922. Relator qualified and is the present incumbent of the office. On January 24, 1924, he tendered to the respondent, as county auditor, the affidavit and filing fee prescribed by statute, with the request that his name be placed upon the primary election ballot at the primary election to be held in June, 1924, as a candidate for the office of register of deeds.

Respondent refused to accept or file the affidavit and declined to receive the filing fee on the ground that the office of register of deeds is not to be filled at the general election in 1924 and that relator's term will not expire until the first Monday in January, 1927. Thereupon relator sued out an alternative writ of mandamus to compel the respondent to file the affidavit and accept the filing fee. In response to the writ, respondent appeared and answered, admitting the facts stated, and moved that the writ be quashed.

Section 640, G. S. 1913, provides for the appointment of county officers who "shall qualify as required by law." Nothing is said about the duration of the term of office.

Section 687 relates to vacancies in county offices and provides that when a vacancy is filled by appointment the appointee "shall hold for the remainder of the unexpired term and until his successor qualifies."

Section 5727 reads in part as follows:

"Unless otherwise provided for, when a vacancy in an elective office is authorized to be filled by appointment, such appointment shall continue until the next general election occurring after there is sufficient time to give the notice prescribed by law, and until a successor is elected and qualified."

The statute relating to the term of office of county officers was amended by chapter 168, p. 233, Laws 1915, fixing the term at 4 years beginning on the first Monday in January next succeeding the general election in 1918, and providing that such offices should be filled by election every 4 years thereafter. Section 3 contains this provision:

"Any person now holding any one of the said offices, whether by election or appointment, shall continue in such office until the first Monday in January, A. D. 1919, and any appointment made to fill a vacancy in any of the said offices shall be for the balance of such entire term."

It was held in Spencer v. Griffith, 74 Minn. 55, 76 N. W. 1018, that section 4, article 11 of the Constitution requires the election of county officers and that ordinarily the legislature cannot provide for passing by a general election and allowing an appointive county officer to hold over beyond such an election until the next election, unless there be a substantial reason which the legislature deems sufficient. That case involved certain county officers appointed when Cass county was created. They were permitted to hold over until the second general election after they were appointed on the ground that the county was sparsely populated and

some length of time was necessary to organize the county government and get the machinery of government into working order.

In chapter 168, p. 233, Laws 1915, we find a sufficient reason for holding that the legislature intended that all county officers should be elected at the same time in all the counties in the state, and we perceive no objection to the giving effect to that intention solely because the Constitution declares that provision shall be made by law for the election of county officers.

The election to be held in November of this year is not an election at which county officers will be chosen. All who were elected in 1922 hold office until the first Monday in January, 1927, and their successors will not be chosen until the general election in 1926.

Uniformity with respect to the time of the election of county officers throughout the state is desirable, and so we construe the statute to mean that the first set of county officers appointed when a new county is created remain in office until the first Monday in January following the next general election at which county officers are elected in all the counties.

We think the statute relating to vacancies is not applicable. There was no vancancy to be filled, for there could be no incumbent of a county office in Lake of the Woods county prior to the time of relator's appointment. His office was filled for the first time when he was appointed. He occupies the same position as if he had been elected at the November, 1922, general election.

For these reasons the motion to quash the writ is granted.