In the Matter of the Application of EDWARD J. O'CONNELL, as Chairman of the Democratic General Committee of the County of Albany, against FELIX CORSCADDEN et al., Constituting the Board of Elections of the County of Albany, Respondents; EDWARD EASTON, as Chairman of the Republican County Committee of the County of Albany, et al., Intervenors, Respondents.

Second class cities — Albany (city of) — elections — upon death of mayor of city of Albany successor must be elected at next succeeding election — president of common council to act as mayor only to January first after such election.

By section 51 of the Second Class Cities Law providing that " whenever there shall be a vacancy in the office of mayor * * * the president of the common council shall act as mayor * * * until noon of the first day of January next succeeding the election at which

the mayor's successor shall be chosen," the Legislature meant the next election day at which, under the Election Law, a successor *can* be chosen, and not that the president of the common council should serve for the unexpired term. A vacancy in the office of the mayor of the city of Albany, therefore, occasioned by the death of the incumbent on the fourth day of March, must be filled by the election of a successor at the election in the following November.

*Matter of O'Connell* v. *Corscadden,* 217 App. Div. 709, affirmed.

(Argued May 24, 1926; decided June 1, 1926.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the third judicial department, entered May 13, 1926, which affirmed an order of Special Term denying a motion for an order to restrain the board of elections of the county of Albany from including the office of mayor of the city of Albany in the notice to be published pursuant to section 72 of the Election Law specifying the public offices to be voted for at the November election, 1926.

*Robert E. Whalen* for appellant. The Second Class Cities Law leaves undetermined the question in what year shall be held the election at which the mayor's successor shall be chosen. (*People ex rel. Weller* v. *Townsend,* 102 N. Y. 430.) In the absence of constitutional or statutory authority, no election for mayor can be held before November, 1929. (*People ex rel. Woods* v. *Crissey,* 91 N. Y. 616; Cooley on Cons. Lim. [6th ed.] 747; *People ex rel. Canning* v. *Shaw,* 25 App. Div. 147; *People* v. *Fitzgerald,* 180 N. Y. 269; *People* v. *Wilson,* 72 N. C. 155.)

*Dennis S. Dawson* for defendants, respondents. The vacancy in the office of mayor must be filled by the electors of the city of Albany at the general election to be held November 2, 1926. (New York Constitution, art. 12, § 6; *Matter of Schwab* v. *Boyle,* 174 App. Div. 442; 219 N. Y. 561; *Mitchell* v. *Boyle,* 219 N. Y. 245; *Matter of Mitchell* v. *Prendergast,* 178 App. Div. 690; Public

Officers Law, §§ 28, 30, subd. 1.) The president of the common council may act as mayor until January 1, 1927. (Public Officers Law, § 38; Second Class Cities Law, § 51.)

*Robert H. McCormic* for intervenors, respondents. Running through all these provisions of the Constitution, charter and other statutes, there is apparent an intention to create a comprehensive and concrete method of filling vacancies in city offices by election at as early a period as practicable. (*Mitchell* v. *Prendergast,* 178 App. Div. 690; *Weller* v. *Townsend,* 102 N. Y. 439; *People* v. *Albertson,* 55 N. Y. 50; *People* v. *Pelham,* 215 N. Y. 374; *Fronnstine* v. *Britt,* 212 N. Y. 421; *Deitz* v. *Hogan,* 214 N. Y. 217; *Schwab* v. *Boyle,* 174 App. Div. 442; 219 N. Y. 561.)

PER CURIAM. William S. Hackett, mayor of the city of Albany, died on March 4, 1926, and on the next day John Boyd Thacher, 2d, president of the common council, became acting mayor pursuant to section 51 of the Second Class Cities Law. (Cons. Laws, ch. 53.) The courts have been moved to determine whether Mr. Thacher continues to serve as acting mayor during the unexpired term of Mayor Hackett, or only until the first of next January. In the latter case an election of a successor to Mayor Hackett must be held this coming November. The courts below have held that the president of the common council acts as mayor until January next.

Section 51 of the Second Class Cities Law reads as follows:

"Sec. 51. Acting Mayor. Whenever there shall be a vacancy in the office of mayor, or whenever by reason of sickness or absence from the city the mayor shall be prevented from attending to the duties of the office, the president of the common council shall act as mayor and possess all the rights of mayor during such period of disability or absence. In case of a vacancy in the office

of mayor he shall so act until noon of the first day of January next succeeding the election at which the mayor's successor shall be chosen."

It is the claim of the appellant that this provision does not refer to the next succeeding election day after the vacancy occurs but does refer to the election day at which a mayor can be elected under the charter as now existing. This would be the last election day of the term and enable the acting mayor to serve the full unexpired term of Mayor Hackett. We think this is not and could not have been the intention of the Legislature in enacting this section. Such an unnecessary and clumsy way of expressing such an intention would not have · been used. Throughout the provisions of law when a successor or an appointee is to fill an unexpired term the Legislature specifically says so. It leaves no doubt about it. Under the former charter of the city of Albany in effect before the enactment of the Second Class Cities Law, it was provided:

" Whenever there is a vacancy in the office of mayor the president of the common council shall hold such office for the remainder of the term of office of said mayor." (Laws of 1883, chap. 298, sec. 7 of title 4, as amended by chap. 806 of the Laws of 1895, sec. 7.)

Also in section 15 of the Second Class Cities Law, article III, relating to vacancies in office it is provided:

" If a vacancy shall occur, otherwise than by expiration of term, in an elective office of the city, including that of supervisor, the mayor shall appoint a person to fill such vacancy. The person so appointed to such vacancy, if the office be not made elective by the constitution, shall hold office for the balance of the unexpired term."

The Legislature was quite familiar with the language to be used when a vacancy was to be filled for an unexpired term. It said so in those words. When, therefore, in section 51, the Legislature stated that in case of a vacancy

in the office of mayor, the president of the common council shall act until noon of the 1st day of January next succeeding the election at which the mayor's successor shall be chosen, it meant the next election day at which under the Election Law a successor *can* be chosen. It never intended to say in this round-about way that the president of the common council should serve for the unexpired term.

This section then harmonizes with the provisions of law for filling vacancies occurring in all constitutional elective offices (Constitution, art. X, § 5), and in offices to which sections 38, 42 and 43 of the Public Officers Law (Cons. Laws, ch. 47) apply. Whether any of these sections of the Public Officers Law apply here, we need not now determine.

For these reasons the order appealed from should be affirmed, without costs.

HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN. CRANE, ANDREWS and LEHMAN, JJ., concur.

Order affirmed.