STATE EX REL. FRED R. EVENS v. WALTER H. BORGEN AND OTHERS.[1]

No. 29,469.

June 2, 1933.

[1]Reported in 248 N. W. 744, 249 N. W. 183.

*McCoy & Hansen* and *Paul G. Bremer,* for appellant.

*Charles E. Adams,* for respondents.

HOLT, Justice.

Relator appeals from the order quashing an alternative writ of mandamus on the ground that the facts and allegations contained therein do not constitute a cause of action.

The defendants are the county auditor and the members of the canvassing board in St. Louis county at the last general election. Notwithstanding that no candidates filed at the primaries for any county office at the election and no space on the official ballot was provided to vote for sheriff of St. Louis county, 128 of the ballots cast had stickers with the name of relator as voted for the office of sheriff. Defendants refused to canvass the sticker votes so cast for relator. This proceeding is to compel defendants to do so.

At the general election in November, 1930, Emil M. Erickson was elected sheriff of St. Louis county. After qualifying he was removed from the office by judgment of the district court because not a citizen. Thereupon the county board, on December 14, 1931, filled the vacancy by appointing Samuel M. Owens as sheriff, who qualified and has served since. The appeal turns upon the proposition whether the term of the appointee Owens expired on the first Monday in January following the 1932 general election.

Since 1884 the constitution has provided for biennial elections on the first Tuesday after the first Monday of November of even-numbered years, the terms of those then elected to begin on the first Tuesday after the first Monday in January following the election. It seems clear to us that both under L. 1913, p. 668, c. 458, as amended by L. 1915, p. 233, c. 168, as well as under 1 Mason Minn. St. 1927, § 659, the term of the incumbent Owens at the time of the general election in November, 1932, extended to the first Monday in January, 1935. Hence there could be no lawful votes cast for that office in the election of 1932.

With the exception of the clerk of the district court and the judge of probate, the constitution leaves the legislature free to determine the term of county officers. State ex rel. Fischer v. Berg, 133 Minn. 65, 157 N. W. 907, where the syllabus reads:

"The act of April 23, 1913 (Laws 1913, c. 458), fixing the terms of certain county officers at four years, and operating prospectively, is constitutional, and there will be no election of such officers in 1916."

L. 1913, p. 668, c. 458, reads:

"Section 1. In every county in this state there shall be elected at the general election in 1914, and not before, a county auditor, county treasurer, sheriff, register of deeds, county attorney, coroner, county surveyor, and county superintendent of schools.

"Sec. 2. The terms of office of the said county officers shall be four years and until their successors are elected and qualified and shall begin on the first Monday in January next succeeding said election; and said offices shall be filled by election every four years thereafter.

"Sec. 3. All acts and parts of acts inconsistent herewith are hereby repealed."

It is too clear for argument that by the last clause of § 2 the only general elections at which votes can be lawfully cast for any of the county officers named in § 1 are those occurring at each four-year interval counting from the general election in November, 1914. This law was amended by L. 1915, p. 233, c. 168, but this amendment did no more than add the clerk of the district court and the court commissioner to the list of county officers named in § 1 of the 1913 act, and added a section which may be said to contain new language which clearly expresses what was as clearly implied by the last clause of § 2 of the first act. The section of the 1915 act referred to reads:

"Sec. 3. Any person now holding any one of said offices, whether by election or appointment, shall continue in such office until the first Monday in January A. D. 1919, and any appointment made to

fill a vacancy in any of the said offices shall be for the balance of such entire term. All appointments under the provisions of this act, shall be made by the county board."

Since the constitutional amendment of 1884 we have had biennial general elections on the first Tuesday after the first Monday in November of every even-numbered year. The constitution also ordains that county officers are to be elected, even though the offices are the creation of the legislature as well as the duration of their terms. It is perfectly clear from the wording of the above act of 1913 as amended by that of 1915 that the legislature intended to make the term of the county offices named four years and that all such offices in every county of the state should be filled at the same general election. In order to achieve that object, the appointments to fill vacancies must be for the remainder of the unexpired term. Otherwise the plan of electing all county officers in every county of the state at the same election would be quickly disrupted by deaths, resignations, and removals. We have no such statute to prevent this as was the case in State ex rel. Harsha v. Troxel, 125 Ohio St. 235, 181 N. E. 16, cited by relator, where there was a provision that the successor of an appointee "shall be elected for the unexpired term at the first general election for the office which is vacant * * *." It is true that an elective office should not be filled by appointment for a longer period than reasonably necessary. But an appointment for the unexpired term cannot be held unreasonable. In fact the contrary has long since been declared to be the law in this state. In State ex rel. Loring v. Benedict, 15 Minn. 153, 158 (198), it was contended that the constitution prohibited legislation under which an appointee to a vacancy in a county office could hold beyond the next general election after the vacancy occurred. The court held that the legislature has fulfilled the demands of the constitution if provision is made for such election at stated periods and says:

"It is possible to conceive of legislation by which these periods should be fixed at times so far removed from each other as to raise the presumption of a design to disregard the constitution by vir-

tually and substantially depriving these offices of an elective character; but there is no ground for any such presumption in this case. Having made provision for such election at stated periods, the legislature is not restrained from making such provision for filling vacancies by appointment until a next general election, or for the balance of an unexpired term, as may be deemed advisable. Notwithstanding such appointments, provision is made for an election when the stated period is reached."

That the object of having all county officers in the state elected at the same general election was held to be proper legislation in Imsdahl v. Weeks, 158 Minn. 512, 197 N. W. 973. We may cite also the following cases as sustaining the proposition that no provision of the constitution is violated by the above act of 1913 as amended by the act of 1915, which provides that an appointee to a vacancy in the office of sheriff holds for the remainder of the unexpired term; State ex rel. Lull v. Frizzell, 31 Minn. 460, 18 N. W. 316; Jordan v. Bailey, 37 Minn. 174, 33 N. W. 778; Spencer v. Griffith, 74 Minn. 55, 76 N. W. 1018; State ex rel. Fischer v. Berg, 133 Minn. 65, 157 N. W. 907; State ex rel. Mathews v. Houdersheldt, 151 Minn. 167, 186 N. W. 234. The decision in State ex rel. Abel v. Berg, 132 Minn. 426, 157 N. W. 652, held L. 1915, p. 233, c. 168, invalid in so far only as it related to the clerk of the district court, whose term is fixed by the constitution.

We also consider 1 Mason Minn. St. 1927, § 659, applicable and leading to the same result. It reads:

"Whenever a vacancy occurs in the office of county auditor, county treasurer, register of deeds, sheriff, county attorney, county surveyor, coroner, or county superintendent, the county board shall fill the same by appointment. * * * The person so appointed shall give the bond and take the oath required by law, and shall hold for the remainder of the unexpired term, and until his successor qualifies."

This language is perfectly plain, and Owen by his appointment holds the office of sheriff for the remainder of Erickson's unexpired term, namely, until the first Monday in January, 1935. Hence no

votes for sheriff could be lawfully cast at the general election of 1932.

But relator contends that prior to R. L. 1905, in which § 659 first appeared in the language quoted, the statutes had provided as to vacancies in the sheriff's and other county offices that the successors appointed were to hold until the next general election, and the revision commission did not intend to make any change; therefore the language quoted must be given the same meaning as in the prior statutes. Furthermore, it is said that at the time of the revision the term of county officers, except the clerk of court, was two years, with elections biennially; hence the appointee to a vacancy could never hold beyond a general election. But the answer is that R. L. 1905 was not meant to apply only to situations existing when adopted, but as well to conditions of the future. It must be assumed that both the revision commission and the legislature which adopted R. L. 1905 knew that any subsequent legislature had the power to change the term of all county offices except that of the clerk of court and also the authority to provide for vacancies. It is therefore both logical and reasonable to conclude that the legislature of 1913, finding so plain a provision for the filling of vacancies as R. L. 1905, § 425, now 1 Mason Minn. St. 1927, § 659, saw no need of any provision in relation thereto when it enacted c. 458.

Relator also relies on this part of 2 Mason Minn. St. 1927, § 6957 (c. 47, headed: "Resignations—Vacancies—Removals") :

"Unless otherwise provided for, when a vacancy in an elective office is authorized to be filled by appointment, such appointment shall continue until the next general election occurring after there is sufficient time to give the notice prescribed by law, and until a successor is elected and qualified."

It is enough to say that said 1 Mason Minn. St. 1927, § 659 and §§ 820, 821, and 822 (§§ 820-822 being L. 1913, p. 668, c. 458, and L. 1915, p. 233, c. 168) otherwise provide.

We are cited to Enmeier v. Blaize (Ind. Sup.) 181 N. E. 1; but there the same constitutional provision controlled the term of office as in State ex rel. Abel v. Berg, 132 Minn. 426, 157 N. W. 652, above

222

referred to. MacAdams v. Cohen, 236 App. Div. 361, 259 N. Y. S. 532, 534, affirmed, 260 N. Y. 559, 184 N. E. 91, by the court of appeals on the authority of O'Connell v. Corscadden, 243 N. Y. 86, 89, 152 N. E. 473, 474, is also cited by relator. In both of those cases the provision of the city charter was that the president of the common council should act as mayor in the latter's absence, and "in case of a vacancy in the office of mayor he shall so act until noon of the first day of January next succeeding the election at which the mayor's successor shall be chosen." The court held the language not clear enough to carry the president as mayor during the remainder of the unexpired term of the mayor. In the Corscadden case [243 N. Y. 89] the court called attention to the language in the former charter of the city of Albany, which in apt terms so provided, viz.

"Whenever there is a vacancy in the office of mayor the president of the common council shall hold such office for the remainder of the term of office of said mayor."

This is essentially the same language employed in L. 1915, p. 233, c. 168, and in § 659 of the code. So the New York decisions do not support relator. There was no vacancy in the sheriff's office of St. Louis county to be filled at the November, 1932, general election, and at that election no votes for that office could be cast lawfully; hence defendants rightly refused to canvass the sticker votes wrongfully cast.

The order is affirmed.

ON APPLICATION FOR REARGUMENT.

On June 21, 1933, the following opinion was filed:

*PER CURIAM.*

Appellant has petitioned for a rehearing. The earnestness with which the petition is pressed justifies a restatement of the grounds of the decision.

The office of sheriff is one which the constitution has permitted the legislature to create. It is elective; but the legislature may

fix the term and provide for the filling of a vacancy therein. As early as State ex rel. Loring v. Benedict, 15 Minn. 153, 159 (198), it was held that the legislature had fulfilled the demands of the constitution when it made provision for the election to such an office at stated periods, and that "the legislature is not restrained from making such provisions for filling vacancies by appointment until a next general election, or for the balance of an unexpired term, as may be deemed advisable." Hence the legislature was within its rights when, by L. 1913, p. 668, c. 458, it provided that at the November, 1914, general election, and not before, the county officers therein enumerated, the sheriff being one, should be elected in every county in the state. Section 2 thereof is:

"The terms of office of said county officers shall be four years and until their successors are elected and qualified and shall begin on the first Monday in January next succeeding said election; and said offices shall be filled by election every four years thereafter."

All acts and parts of acts inconsistent therewith were repealed. It is perfectly plain that the effect of this legislation was that none of the county offices named therein could be voted for at any general election except the one that occurred at a four-year interval counting from the general election of 1914. When L. 1913, p. 668, c. 458, was enacted there was no provision of law, nor has there been since, under which, if a vacancy occurred in one of the offices named, it could be filled by an election for the remainder of the unexpired term; but there was a statute, R. L. 1905, § 425, 1 Mason Minn. St. 1927, § 659, which authorized the county board to fill the vacancy by appointment, and such appointee "shall hold for the remainder of the unexpired term, and until his successor qualifies." L. 1915, p. 233, c. 168, serves only to emphasize the intention of the legislature to have elections for all county officers in the state at one and the same general election, which must occur at a four-year interval counting from the general election of 1914.

The application for a rehearing is denied.