STATE EX REL. HARRY H. PETERSON AND ANOTHER v. C. D. BENSEL.[1]

March 15, 1935.

No. 30,398.

*Harry H. Peterson,* Attorney General, and *Fosnes & Rolloff,* for relators.

*Oscar Hallam* and *W. W. Merrill,* for respondent.

[1]Reported in 259 N. W. 389.

HOLT, JUSTICE.

*Quo warranto* instituted in this court to test the right of respondent to hold the office of municipal judge of the city of Montevideo, this state.

The facts are not in dispute. On February 21, 1927, the municipal court of the city of Montevideo was duly established and is now existing. Under the city charter the regular municipal election was held January 17, 1928, at which election respondent was duly elected judge of the municipal court for a term of four years. He qualified and assumed his duties on the first secular day of February, 1928, according to the charter provisions then in force. Hence his term of office expired four years thereafter, namely, on the first secular day of February, 1932. On October 1, 1930, the city adopted a home rule charter which changed the time of the municipal election and the time when the term of elective municipal officers should begin and end. Section 7 of this charter provides that the elective officers of the city shall be a mayor, five councilmen, and a treasurer, to be elected at the first election after the charter is adopted. Of the councilmen so elected the terms of the three having the highest vote shall be four years and the terms of the two next highest two years. The mayor's and treasurer's terms shall be for two years. The terms of all officers shall begin on the first Monday after the first Tuesday in January following a regular municipal election. It also provided for the election of a judge of the municipal court. Section 25 provides that a regular municipal election shall be held on the first Tuesday after the first Monday in November in every even-numbered year. 1 Mason Minn. St. 1927, § 217, a part of the statutes by which municipal courts in cities of the class embracing Montevideo are established, provides:

"The judges of such courts shall be elected at the regular city or village elections, for the term of four years, beginning on the first Monday of the month next following their election, and until their successors qualify."

The statutes referred to authorizing the establishment of municipal courts were adopted in virtue of art. 6, § 1, of the state con-

stitution. The judges of such municipal courts are state officers and not officers of the municipality electing them. Where the constitution prescribes the term of office the legislature may not shorten the term of one elected to such office. O'Leary v. Steward, 46 Minn. 126, 48 N. W. 603; State ex rel. Abel v. Berg, 132 Minn. 426, 157 N. W. 652. Where municipal courts are established under statutory authority, the municipality may not abridge the term of those elected judges thereof by any charter provisions or amendments. State ex rel. Simpson v. Fleming, 112 Minn. 136, 127 N. W. 473.

But relators contend that the termination of respondent's office is governed by art. 7, § 9, of the state constitution, reading:

"The official year for the state of Minnesota shall commence on the first Monday in January in each year, and all terms of office shall terminate at that time."

The remainder of the section provides for the change from annual to biennial elections. This constitutional provision plainly does not embrace the tenure of office of judges of "such other courts, inferior to the supreme court, as the legislature may from time to time establish by a two-thirds vote." Const. art. 6, § 1. However, it is claimed that 1 Mason Minn. St. 1927, § 257, is determinative. It reads:

"The term of office of every state and county officer shall begin on the first Monday in January next succeeding his election, unless otherwise provided by law."

We think it is otherwise provided by law for municipal judges. The legislature has given cities the right to frame and adopt home rule charters and establish municipal courts. It is clear that §§ 217 and 257 of the code cannot be harmonized in any other way than by holding that as to municipal judges the beginning and ending of the term of their office is determined by § 217 and the charter provision fixing the time of the general municipal elections, limited by the rule of State ex rel. Simpson v. Fleming, 112 Minn. 136, 127 N. W. 473, and that the municipality may not shorten the four-year term by change in its charter or any other means. Re-

lators cite State ex rel. Evens v. Borgen, 189 Minn. 216, 248 N. W. 744, 249 N. W. 183. That case does not aid relators. It holds that no lawful ballots can be cast for the office of sheriff at a general election unless the term of the incumbent, whether elected or appointed, expires on the first Monday of January following the election. In the instant case the term of the incumbent municipal judge expired on the first secular day of February, 1932. The only proper general election of the city of Montevideo next preceding said date, for the election of a successor under its charter, was the first Tuesday after the first Monday in November, 1930. Respondent was then elected and qualified, hence became his own successor the first secular day of February, 1932. So there was no room for a hold-over judge.

The writ is quashed and the proceeding dismissed.