# STATE EX REL. WESLEY McMAHON v. AL P. ERICKSON.[1]

October 18, 1940.

No. 32,707.

*Mart M. Monaghan*, for appellant.

*Ed J. Goff*, County Attorney, and *Edward J. Shannon*, Special Assistant County Attorney, for respondent.

LORING, JUSTICE.

An order to show cause was issued by the district court of Hennepin county pursuant to 3 Mason Minn. St. 1940 Supp. § 601-3(1)g (Act April 21, 1939, c. 345, Part 3, c. 1, § 8), directed to the county auditor, requiring him to accept the filing of relator as a candidate for the office of register of deeds in that county at the September 10, 1940, primary, or to show cause to the contrary.

[1]Reported in 294 N. W. 373.

On November 8, 1938, the then incumbent register of deeds of Hennepin county was reëlected for a four-year term, commencing the first Monday in January, 1939. Nine days later he died. On November 23, 1938, the board of county commissioners for Hennepin county, pursuant to 1 Mason Minn. St. 1927, § 659, appointed Arthur R. Ferrin to the office to fill out the term expiring the first Monday in January, 1939, and, on January 3, 1939, reappointed him for the four-year term expiring the first Monday in January, 1943. Both relator and Mr. Ferrin attempted to file as candidates for nomination at the September, 1940, primary, but were refused on the ground that no vacancy existed in the office of the register of deeds. The respondent answered the order to show cause, setting up the facts above recited. The relator demurred. The district court overruled relator's demurrer, discharged the order to show cause, and dismissed the proceedings. We need not here decide whether the proceeding was properly brought under the section cited.

■ The relator contends that Minn. Const. art. 5, § 4, controls the filling of vacancies in county offices and permits them to be filled only until the next general election. It provides, in part:

"He [the governor] shall take care that the laws be faithfully executed, fill any vacancy that may occur in the office of secretary of state, treasurer, auditor, attorney general, and such other state and district offices as may be hereafter created by law, until the next annual election, and until their successors are chosen and qualified."

It seems clear to us that the phrase "district offices" as used in the quoted sentence does not include county offices. The governor is the only appropriate officer to be given the appointment of state or district officers, whereas, with equal propriety, the county boards may be given the power to appoint county officers. There being two appropriate authorities where the responsibility for appointment to county offices

might be placed, and all those offices which might appropriately be placed only with the governor being grouped together in this sentence, and county offices being omitted, the omission from the group of county offices, the filling of which might appropriately be placed elsewhere, indicates an intention to leave out the county offices. Had the drafters of the constitution intended that the appointment to vacancies in county offices should be vested solely in the governor and the period for which they might be filled limited until the next "annual" election, the word "county" would have been added.

■ Having concluded that the filling of the vacancy here under consideration was not controlled by the constitutional provision relied upon by the relator, the case is controlled by State ex rel. Evens v. Borgen, 189 Minn. 216, 248 N. W. 744, 249 N. W. 183; State ex rel. Loring v. Benedict, 15 Minn. 153 (198); and Imsdahl v. Weeks, 158 Minn. 512, 197 N. W. 973, which, as applied to this situation, hold that the vacancy to be filled by the last appointment of Mr. Ferrin was for the entire term of office expiring on the first Monday in January, 1943. Therefore there was no vacancy to be filled by election at the 1940 primary and general election, and the county auditor was right in refusing to accept the relator's filing. Crowell v. Lambert, 9 Minn. 267 (283), and Swedback v. Olson, 107 Minn. 420, 120 N. W. 753, are not in point.

Order affirmed.