## Case No. 5,080.

### FREEDMAN v. SIGEL.

[10 Blatchf. 327; [1] 5 Chi. Leg. News, 196; 17 Int. Rev. Rec. 28; 4 Leg. Op. 506; 5 Leg. Gaz. 34.]

Circuit Court, S. D. New York. Jan. 2, 1873.

Edward Fitch, for plaintiff.

L. W. Emerson and Noah Davis, Dist. Atty., for defendant.

SHIPMAN, District Judge. This is an action brought by the Honorable John J. Freedman, one of the justices of the superior court of the city of New York, to recover back the sum of $162.37, exacted from him by the defendant [Francis Sigel], as collector of internal revenue for the ninth collection district of New York. This exaction was, in form, a tax on the income of the plaintiff, but that income consisted solely of his salary as a judge of one of the most important judicial tribunals of the state—a court of record, having a wide range of jurisdiction, and wielding an important part of the judicial authority of the commonwealth. The sum in question was nothing more or less than a tax upon the plaintiff's salary, as a judge of a state court. The amount was paid under protest, and it is conceded that the plaintiff is entitled to recover, if the tax in question was not warranted by law. The sole question now to be determined is, whether this assessment on the salary of the plaintiff was legal.

The plaintiff claims, that the illegality of this tax is conclusively settled by the case of The Collector v. Day, 11 Wall. [78 U. S.] 113. That case involved the validity of a tax upon the salary of the defendant, Day, as judge of the court of probate and insolvency for the county of Barnstable, in the state of Massachusetts. In that case, the salary was fixed by a statute of the state, and was payable directly out of the state treasury. The su-

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

preme court held, that it was not competent for congress to impose the tax then in question upon the salary of a state judge. It is obvious, that that decision must control the question now presented for consideration, unless the latter can be distinguished, by some essential feature, from that determined by the supreme court in the case cited.

The defendant insists, that the present case is distinguishable from that of The Collector v. Day, in the following particulars: (1) In that case, the salary of the judge was fixed directly by a statute of the state, while, in the present one, the salary of the plaintiff was fixed by the board of supervisors of the county of New York. (2) The salary of Judge Day was payable directly out of the state treasury of Massachusetts, whereas, the salary of the plaintiff was payable out of the treasury of the city of New York. (3) The court of probate and insolvency for the county of Barnstable, Massachusetts, could not properly be termed a local court, and its judge a local officer; whereas, the superior court in question was purely a local court, belonging to a class of tribunals known only to the cities of New York and Buffalo. the justices of which are purely local officers. I will briefly consider these points raised by the defence, in the order above stated.

First. As to the body entrusted with the power of determining the amount of salary. In the one case, that body was the legislature of the state, and in the other, the board of supervisors of the county, acting under a statute of the state, expressly conferring that power upon them. For reasons, wise and salutary, no doubt, the legislature of New York, after creating the superior court, and conferring upon it extensive jurisdiction, saw fit to leave the amount of the salaries of the judges to be determined by the board of supervisors, and conferred upon the latter authority to that end. But, I apprehend that this circumstance does not, in any manner, affect the nature of the office of the judges of that court. They are still judicial officers of the state, wielding that part of the sovereign power of the state committed to their jurisdiction. Their salaries constitute their sole compensation. and, when once fixed, cannot be reduced during the terms for which they are respectively appointed. The same reasoning which led the supreme court, in the case of The Collector v. Day [supra], to hold the tax illegal, applies, with equal force, to the present case. In both cases, the judges exercise the judicial authority of the state, and represent its sovereignty in that behalf. Of what importance is it that amount of salary is fixed by the legislature itself, or by another body, acting under the authority conferred by the legislature? If a state were to create a commission for the purpose, and with the power, of fixing the salaries of all its judicial officers, would that circumstance change the nature of the judicial office, or materially affect its character, as one of the instrumentalities by which and through which the state exercised one of its sovereign powers? I apprehend there can be but one answer to these questions. The manner in which a state chooses to determine the salaries of its judicial officers, neither changes the character of the tribunals over which they preside, nor the relation of these officers or offices to the state, or to the federal, government. The agency which the state chooses to employ for the purposes of determining the amount of its judges' compensation is a purely incidental matter, wholly of its own concern, the exercise of which in no way changes or affects the relation which the two governments bear to each other. The line which marks and limits the constitutional power of each remains the same, unvaried by the incidental manner in which each, or either, may choose to exercise its acknowledged and unquestioned authority.

Second. As to the immediate source from which the salary is derived. In the case of The Collector v. Day [supra], the salary of the defendant was paid directly from the state treasury. But, suppose the legislature of Massachusetts had seen fit, after creating the courts of probate and insolvency for its respective counties, to make the salaries of each judge payable out of the treasury of the respective county over which his jurisdiction extended. Would that circumstance, purely a matter of legislative regulation and discretion, within the undoubted power of the state, have changed, in any essential particular, the nature or powers of the judicial office of the judge of those courts? To assert such a proposition would be to maintain that the sovereign power of a state depends upon the manner in which it exercises its discretion, in the details of its administration, and the distribution of its public burthens. The right of congress to tax the judicial offices of a state, certainly, cannot depend upon the mode by which the state may choose to raise the revenue applied to the support of such offices, or the sources from which it may choose to draw that revenue. These are mere incidents in the exercise of undoubted state power, in no way affecting the federal government, nor having any tendency to enlarge the power of the latter over subjects which are otherwise beyond its reach.

Third. As to the alleged local character of the office held by the plaintiff. On this point, the argument in behalf of the defendant signally fails. The courts of probate and insolvency of Massachusetts are courts of a more local character and limited jurisdiction than the superior courts organized by the state of New York. The latter are clothed with no inconsiderable part of the general judicial power of the state, with none or only partial limitations as to subject-matter of litigation, while the former are courts of limited and inferior jurisdiction, whose range of judicial authority is narrow, and touches only a very limited number of subjects. It is

·obvious, therefore, that this alleged difference, by which the defendant seeks to withdraw the present case from that of The Collector v. Day, has no solid foundation.

Without pursuing the subject further, I am entirely satisfied that the present case is within the reason and authority of The Collector v. Day; and judgment must, therefore, be rendered for the plaintiff.