# STATE ex rel. GEORGE T. SIMPSON v. J. H. FLEMING.[1]

## August 12, 1910.

## Nos. 16,741—(240).

**Municipal court is a state court.**

  A municipal court established under the provisions of chapter 229, Laws 1895, as amended by chapters 127 and 271, Laws 1899, and sections 124 to 146, inclusive, R. L. 1905, is a state court within the meaning of const. art. 6, § 1, which requires that all inferior courts not therein specified shall be established by the legislature by a two-thirds vote.

**Special municipal judge — term of office.**

  A special municipal judge of such court is a state officer, and cannot be legislated out of office, nor his term of office be shortened, by the adoption of a home rule charter by a vote of the electors of the municipality, under section 36, art. 4, of the constitution.

Upon information of the attorney general this court issued its writ of quo warranto directed to J. H. Fleming, requiring him to show by what warrant he assumed to exercise jurisdiction as special municipal judge of the city of Virginia. The facts were stipulated. Defendant demurred to the petition for the writ. Demurrer sustained and writ quashed.

*George T. Simpson,* Attorney General, and *Arnold & Pickering,* for plaintiff.

*R. J. Montague* and *J. E. Montague,* for defendant.

LEWIS J.

Proceedings in quo warranto to test the right of respondent, J. H. Fleming, to hold the office of special municipal judge of the city of Virginia, St. Louis county. The appellant demurred upon the ground that the petition and the writ do not state facts sufficient to constitute a cause of action.

[1]Reported in 127 N. W. 473.

The petition sets forth that prior to September 29, 1908, a municipal court existed in the city of Virginia, under the provisions of chapter 229, p. 575, Laws 1895; that Fleming was elected to the office of special municipal judge at the general city election held in November, 1907, for the term of four years, beginning in January, 1908; that on September 29, 1909, the city council, by resolution, adopted the provisions of sections 124 to 146, inclusive, of the Revised Laws of 1905; that at a special election held June 1, 1909, a home rule charter was adopted by the city of Virginia, and that under sections 32 and 33 thereof it was provided that the special municipal judge should be elected for a term of four years, to commence on April 1 after the election, and that such special judge shall act only in cases of press of business requiring the attendance of two judges, and on request; that the first regular election was held February 8, 1910, at which R. C. Pickering, of the city of Virginia, was duly elected special municipal judge for the term of four years commencing April 1, 1910, the mayor requesting Pickering to act in the absence of the municipal judge; and that Pickering duly demanded possession of the office from Fleming, and of the papers and records thereof, but that Fleming refused to turn the same over to him or permit him to act.

Section 1, art. 6, of the constitution, provides that the judicial power of the state shall be vested in a supreme court, district courts, courts of probate, justices of peace, and such other courts, inferior to the supreme court, as the legislature may, from time to time, establish by a two-thirds vote. Chapter 229, Laws 1895, was an act to establish municipal courts in incorporated cities having a population of less than five thousand inhabitants, and under the act, and its amendments, the municipal court of the city of Virginia was established and governed. Section 4, c. 271, p. 313, Laws 1899, provided for the election of a special municipal judge, whose term of office should be four years and until his successor should be elected and qualified. R. L. 1905, §§ 124 to 146, inclusive, confirmed the several municipal courts organized and in the actual exercise of their functions, and the city of Virginia adopted the provisions of the code by the passage of a resolution, as provided by section 126. By section

124 the tenure of office and the compensation of the judges were continued, and in all things to be governed by the laws relating thereto in force at the time of enactment of the revised laws.

The court thus established was a state court, and the judges state officers. The constitution required that all courts not specified should be established by the legislature by a two-thirds vote. A vote of the electors of a city on the adoption of a charter is not the establishment of a court, as required by the constitution. A vote of the legislature with reference to other municipal affairs may be by a mere majority. Attention is called to this distinction in State v. Porter, 53 Minn. 279, 55 N. W. 134. The subject, and the character of the duties of municipal judges and other municipal officers, is well defined. In the one case they are in the interests of the state; in the other, confined to the interests of the municipality. The powers and duties of the courts provided for are purely and exclusively judicial. They have neither administrative nor legislative powers in the affairs of the municipality. State v. Sullivan, 67 Minn. 379, 69 N. W. 1094; State v. Dreger, 97 Minn. 221, 106 N. W. 904.

The respondent having been elected a state officer under the general law, it was not within the power of the voters of that municipality to legislate him out of office, or shorten his term of office. So far as the petition informs us, he was proceeding regularly to discharge the duties of his office, and whether he was qualified under the general law to fill the office cannot be considered in this proceeding.

Demurrer sustained and writ quashed.