Matter of the Application of WILLIAM A. PRENDER-GAST, as Comptroller of the City of New York, for a Writ of Mandamus, Peremptory or Alternative, *v.* JOHN P. COHALAN and ROBERT LUDLOW FOWLER, as Surrogates of the County of New York.*

(Supreme Court, New York Special Term, January, 1917.)

*Mandamus — compilation of statistical records — Greater New York Charter, § 149a does not apply to the surrogates of the county of New York.*

MOTION for a writ of mandamus.

Lamar Hardy, corporation counsel, for relator.

Arthur T. O'Leary, for John P. Cohalan.

Robert Ludlow Fowler, attorney in person.

GREENBAUM, J.   This is a motion made on behalf of the corporation of the city of New York for a writ of mandamus directed against the surrogates of the county of New York to compel them to cause certain statistical records to be compiled and maintained in their office in respect to the time required to perform the different functions of that office by various employees therein, as well as the unit cost of performing such functions. The relator bases his application upon

——————

*Affirmed by the Appellate Division, First Department, at the June, 1917, term.—[REPR.

the proposition that a ministerial act is imposed upon the surrogates within the provisions of section 149a of the Greater New York Charter to install and maintain in their office the system of statistical records required by the comptroller. Section 149a, *supra*, omitting such portions thereof as are irrelevant to this discussion provides: '' Every official or employee of the city, or of the counties included within the City of New York, and every board or commission charged by law or by due authority with the custody of property of the City of New York or the counties thereof * * * or services performed, by or on behalf of the City of New York or the counties therein, or the disbursement or receipt of moneys from the city or counties therein, and every person, official, board, commission or corporation receiving or disbursing moneys from the city or counties therein for public purposes shall at such times, under such conditions, and in the manner directed to do so by the comptroller, furnish reports of facts relating to any or all of said property * * * or of (*sic*) said work or said services, or of the receipt or disbursement of said moneys * * * and shall compile and maintain in their respective offices such systems of statistical record as the comptroller may require appertaining to all matters referred to in this section.'' The inquiry, therefore, is whether section 149a of the charter is applicable to the surrogates of New York county. Clearly the respondents are not city officials, since they cannot be charged with the performance of any administrative or other functions related to the city government. Nor are they county officers. A county officer is one through whom the county performs its usual political or governmental functions. 11 Cyc. 414, subd. D, citing *County Board of Supervisors, etc.*, v. *Parker,* 3 Wall. 93, U. S. Sup. Ct. The respondents are judicial officers of the state (*London* v. *Mayor, J. & S.* 46, and *Matter of Runk,* 200 N. Y. 453–456), and Surrogates' Courts are

expressly recognized in article VI, section 15, of the New York State Constitution. The clerks, assistant clerks and attendants of the Surrogate's Court are also state officers. *Olmstead* v. *Meahl,* N. Y. L. J. Dec. 2, 1916. Nor do the respondents come within the language of the charter provision above quoted, which refers to "every person, official, board, commission or corporation receiving or disbursing moneys from the city or counties therein for public purposes," since they do not receive any moneys for public purposes, excepting their own salaries, which the relator concedes has no relation to the statistics desired, nor do they disburse moneys for the city or any of the counties therein. That the legislature never intended to include the Surrogate's Court in the charter provisions upon which the relator relies is further made evident by chapter 775 of the Laws of 1911, which expressly provides that "the board of estimate and apportionment of the city of New York shall cease to have or exercise any powers in regard to the appointment, * * * number and salaries of assistants to such surrogates, or of other clerks, employees or subordinates in or attached to the office of said surrogates, or in regard to the receipt or payment of fees in said office." This act further confers upon the surrogates the power of appointment and removal of all clerks, officers, attendants and employees in their office or connected with the court, and the right to fix the number, duties and compensation of said appointees, and provides that the compensations thus fixed shall be a county charge. In view of the plain provisions of the charter and the statutes just quoted the relator is not required to compile and furnish the statistical data which he has demanded of the respondents, and the latter, of course, are not obliged to furnish such data.

Application denied.