MARY M. LEDWITH, Appellant, v. OTTO A. ROSALSKY, Respondent.

New York city — officers — corporation counsel — judges — judge of Court of General Sessions not an officer in service of city or county of New York — corporation counsel of city of New York may not appear and defend action brought against him — appearance and demand for copy of complaint not void — corporation counsel appears as attorney as well as city officer and his appearance and demand may not be vacated — defendant directed to substitute another attorney.

1. A judge of the Court of General Sessions in and for the county of New York is not an " officer " in the service of the city or county of New York within the meaning of section 256 of the city charter (L. 1917, ch. 602), providing that the corporation counsel may appear in any action or proceeding brought against any officer " in the service of the city of New York, or of any of the counties embraced therein, by reason of acts done or omitted while in the performance of his duty."

2. The corporation counsel of the city of New York, therefore, may not appear and defend an action brought against a judge of the Court of General Sessions, but where, pursuant to the request of such a defendant, he appeared in an action, in which a summons

only had been served and demanded a copy of the complaint, the appearance is not entirely void. The corporation counsel appears in court not only as an officer of the city of New York but as an attorney at law and officer of the court and the statute has not attempted to dictate the effect of his appearance as an attorney for a defendant other than the city. The defendant, therefore, is not in default since he has appeared by an attorney at law duly authorized to appear for him and the court may not vacate the notice of appearance and demand. It should, however, direct the defendant to substitute another attorney.

*Ledwith* v. *Rosalsky,* 217 App. Div. 749, reversed.

(Argued January 12, 1927; decided February 23, 1927.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial department, entered June 11, 1926, which affirmed an order of Special Term denying a motion to vacate a notice of appearance as defendant's attorney.

The following questions were certified:

" 1. Does defendant's affidavit show any act on his part, in its nature official, performed or performable by the Court of General Sessions or a judge thereof, within their jurisdiction as defined and limited by the Code of Criminal Procedure?

" 2. Does the jurisdiction of the Court of General Sessions or of a judge thereof extend to the subject-matter of insanity, either for inquiry thereinto or commitment for such purpose, except as incidental to a criminal action or proceeding?

" 3. Is a judge of the Court of General Sessions of the county of New York an ' officer ' within the intendment of sections 255 or 256 of the New York city charter?

" 4. Before the service of the complaint and the disclosure thereby of the gravamen of plaintiff's cause of action as a basis for the exercise of discretion by the corporation counsel, were not the request to, and the appearance by, the corporation counsel on behalf of the defendant, premature? "

[244 N. Y. 406]        Opinion, per LEHMAN, J.        [Feb.,

*Julius Albers* for appellant.   A judge of the Court of
General Sessions of the county of New York is not an
" officer " within the intendment of sections 255 or 256
of the New York city charter.   (*Donahue* v. *Keeshan,*
91 App. Div. 602; *Briggs* v. *Lahey,* 101 App. Div. 136;
*Dixon* v. *People,* 53 Colo. 527; *Chickasha Cotton Oil Co.*
v. *Lamb,* 114 Okla. 337; *State* v. *Breckenridge,* 34 Okla.
649; *Matter of Richards,* 179 App. Div. 823; 221 N. Y. 684;
*Prendergast* v. *Cohalan,* 101 Misc. Rep. 712; 179 App.
Div. 883; 226 N. Y. 636; *People* v. *N. Y. Ct. of Gen.*
*Sessions,* 13 Hun, 398; *Whitmore* v. *Mayor,* 67 N. Y.
21.)

*George P. Nicholson, Corporation Counsel* (*Joseph P.*
*Reilly* of counsel), for respondent.   Judges of the Court
of General Sessions of the city and county of New York
come within the intendment of sections 255 and 256
of the Greater New York charter (L. 1901, ch. 466).

LEHMAN, J.   The defendant is a judge of the Court  of
General Sessions in and for the county of New York.
The plaintiff has served a summons upon him in this
action.   No complaint has been served and the nature of
the action has not been disclosed.   On April 16th, 1923,
the defendant committed one Thomas A. Ledwith to
Bellevue Hospital as an apparently insane person.
While Ledwith was held in custody under this commit-
ment, a writ of habeas corpus was obtained upon the
relation of Mary M. Ledwith, his wife.   Upon appeal
from the order of the Appellate Division which dismissed
the writ, this court reversed the order and Ledwith was
discharged from custody.   (*People ex rel. Ledwith* v.
*Bellevue Hospital,* 238 N. Y. 403.)   Mary M. Ledwith
thereafter has brought this action.   The defendant
assumed that the action is based upon the fact that he
issued a warrant for the arrest of Thomas A. Ledwith
and then committed him to Bellevue Hospital as an

apparently insane person, and he has requested the
corporation counsel of the city of New York in writing to
appear in this action as his attorney and defend the same
in his behalf.   Pursuant to this request a notice of appear-
ance and demand for a copy of the complaint was served.
This notice is subscribed " George P. Nicholson, Corpora-
tion Counsel of the City of New York, Attorney for the
Defendant."

The plaintiff moved for an order " striking out and
vacating the said notice of Appearance as null and void
and of no effect, on the ground that the said George P.
Nicholson, as corporation counsel, has no authority to
appear as attorney for the defendant herein, and for such
other or further relief as may be just."   The motion was
denied at Special Term, and the order denying the motion
was affirmed by the Appellate Division, which has
granted leave to appeal to this court certifying four
questions for review.

The duties and functions of the corporation counsel of
the city of New York are regulated by statute.   Section
256 of the Greater New York charter provides that
" neither the corporation counsel nor any of his assistants
shall appear as attorney or counsel in any action or litiga-
tion except in discharge of his official duties,   *   *   *
but the corporation counsel may in his discretion appear
or direct any of his assistants so to do in any action or
proceeding, criminal or civil, brought against any officer,
subordinate or employee in the service of the City of
New York, or of any of the counties embraced therein,
by reason of any acts done or omitted while in the per-
formance of his duty by such officer, subordinate or
employee, whenever said appearance is requested by the
head of the department, office or bureau in which said
officer, subordinate or employee is employed."

Unless the defendant is an " officer " in the service of
the city or county of New York within the intendment of
the statute, the corporation counsel may not appear for

# 410    LEDWITH *v.* ROSALSKY.

him, even though the action is brought by reason of acts done or omitted by the defendant while in the performance of his duties as a judge of the Court of General Sessions in and for the county of New York. Though this court decided that Thomas Ledwith should be discharged from custody under the order committing him as an apparently insane person, its decision was not based on any ground of invalidity of the order because of want of jurisdiction in the court or judge making the order, but solely on the ground that the time during which Ledwith might be held in custody thereunder without further hearing had expired. We assumed, if we did not directly decide, that the original order was valid and that the defendant acted within his jurisidction as judge of the Court of General Sessions. (*People ex rel. Ledwith* v. *Bellevue Hospital, supra.*) We may make the same assumption now and proceed to consideration of the question of whether the defendant is an officer of the city or county of New York within the intendment of the provisions of the charter, since negative answer to this question alone is decisive of this appeal, regardless of the answer that we should give to the other questions certified by the Appellate Division.

It may be that in some sense a judge of a court established " in and for " a city or county may be said to be a city or county officer or even an officer in the " service " of that city or county. Sometimes constitutional or statutory provision requires such construction. (*Matter of Salary Superior Court Judges,* 82 Wash. 623; *Wolf* v. *Hope,* 210 Ill. 50; *Perry* v. *Bianchi,* 96 N. J. Law, 113; *People ex rel. Garrity* v. *Walsh,* 181 App. Div. 118; *Matter of Compensation of County Judges,* 18 Colo. 272.) Except in a special and limited sense a judge may hardly be regarded as an officer of a local governmental agency merely because the court is established in and for a subdivision of the State. " It is clear that the selection by the organic law of a local sub-division of the state known as a ' county,' for and within which to establish a court, does not make the

functions of the court, county functions, or the officers of the court, county officers. A court of record is essentially not an office; it is an institution, an entity, or agency within itself, invested with certain functions, just as the county is another agency within itself, invested with other duties to perform." (*Dixon* v. *People,* 53 Colo. 527; *People ex rel. Douvielle* v. *Board of Supervisors of Manistee County,* 40 Mich. 585; *State ex rel. Simpson* v. *Fleming,* 112 Minn. 136; *State ex rel. Devening* v. *Bartholomew,* 176 Ind. 182; *State ex rel. Buchanan County* v. *Imel,* 242 Mo. 293; *Day* v. *Buffington,* 11 Wall. 193; *Freedman* v. *Sigel,* 10 Blatchf. 327.)

We must determine the sense in which the Legislature in the statute under consideration used the words " officer * * * in the service of the City of New York or of any of the counties embraced therein." This court has held in construing other statutes that a clerk of the District Court of the city of New York is a " judicial officer, embraced within the judiciary system of the State " and not strictly a city officer. " If the Legislature intended to embrace other than strictly city officers, it must be presumed that the statute would have so declared in express terms." (*Whitmore* v. *Mayor, etc., of N. Y.,* 67 N. Y. 21.) So we have held that the surrogate of the county of New York is not an official or employee of the city or county of New York within the meaning of section 149-a of the charter." (*Matter of Prendergast* v. *Cohalan,* 101 Misc. Rep. 712; affd., 179 App. Div. 883; 226 N. Y. 636.)

There are no words in the charter provision under consideration which indicate any intent to include judicial officers who are performing a function of the State and are part of the judiciary system of the State in the description of officers in the " service " of the city or county of New York. Indeed, the language of the statute seems rather to exclude such intent, for it may hardly be said that a judge is " employed " in a city or county depart-

ment, office or bureau. The corporation counsel is, therefore, not permitted by the provisions of the charter to appear for the defendant.

The parties have assumed that if the corporation counsel is not permitted by statute to appear for the defendant, the appearance which has been entered is void and must be stricken out. Such relief has been granted on similar assumption in *Donahue* v. *Keeshan* (91 App. Div. 602). The plaintiff may challenge the right of the corporation counsel to appear for the defendant. The State prohibits such appearance, and the plaintiff is aggrieved thereby. It does not follow that appearance by the corporation counsel is entirely void. He is an officer of the court and he has received authority from the defendant to represent him.

Though the functions and powers of the corporation counsel in his official capacity as an officer of the city of New York are determined by the provisions of the statute, he appears in court not only as an officer of the city of New York but as an attorney at law and officer of the court. The Legislature has limited his right to appear as an officer of the city of New York; it has not attempted to dictate the effect of an appearance as an attorney at law for a defendant other than the city, though such appearance transcends the limits of his official powers as corporation counsel. When the plaintiff challenges the right of the corporation counsel to appear for the defendant the court may direct its officer to confine his activities as an attorney at law in accordance with the interpretation which the court places upon the statute regulating the functions and powers of the corporation counsel, but such direction does not nullify the earlier appearance as attorney at law. The defendant is not in default since he has appeared by an attorney at law duly authorized by him to appear for him. He may not be placed in default because under mistaken interpretation of the statute the attorney believed that

such appearance came within the scope of his duty as corporation counsel. Though the court may not vacate the notice of appearance and demand, it should under the plaintiff's general prayer for " other and further relief " make an order compelling the defendant to substitute another attorney within ten days after notice of entry of order herein.

Order of the Appellate Division and that of Special Term should be reversed, without costs, and motion granted to the extent indicated in the opinion and the third question certified answered in the negative; other questions not answered.

CARDOZO, Ch. J., POUND, CRANE and ANDREWS, JJ., concur; KELLOGG, J., absent.

Ordered accordingly.