EMANUEL FREUND, Appellant, *v.* THOMAS J. HOGAN Individually and as Treasurer of the City of Long Beach, et al., Respondents.

(Argued March 20, 1934; decided April 17, 1934.)

*H. H. Nordlinger* and *Sidney I. Prager* for appellant. The City Court of Long Beach is not part of the city

government but is part of the judicial system of the State. (*Whitmore* v. *Mayor*, 67 N. Y. 21; *People ex rel. Gilchrist* v. *Murray*, 73 N. Y. 535; *Ledwith* v. *Rosalsky*, 244 N. Y. 406; *Matter of Adler* v. *Voorhis*, 254 N. Y. 375; *Schieffelin* v. *Leary*, 219 App. Div. 660; *Schieffelin* v. *Berry*, 217 App. Div. 451; 243 N. Y. 603; *Stewart* v. *Mayor*, 15 App. Div. 548; *Susswein* v. *Frankel*, 141 Misc. Rep. 832; 234 App. Div. 873; *Matter of Siracusa*, 125 Misc. Rep. 882; *Matter of Prendergast* v. *Cohalan*, 101 Misc. Rep. 712; 179 App. Div. 883; 226 N. Y. 636.)

*Jerome M. Hirsch, Corporation Counsel, Saul Gordon* and *Samuel Jesse Buzzell* for respondents. The City Judge of the city of Long Beach is a city officer, under the express provisions of the charter of the city, and the Council of the city had power, by local law, to increase his salary. (*Adler* v. *Deegan*, 251 N. Y. 467; *Matter of Gresser* v. *O'Brien*, 146 Misc. Rep. 909; *Ledwith* v. *Rosalsky*, 244 N. Y. 406; *Whitmore* v. *Mayor*, 67 N. Y. 21; *People ex rel. Garrity* v. *Walsh*, 181 App. Div. 118.)

*Per Curiam.* The question is whether the City Judge of Long Beach is a city officer, so that the council of such city may increase his compensation under the City Home Rule Law (Cons. Laws, ch. 76), or a State officer (*Whitmore* v. *Mayor*, 67 N. Y. 21), whose salary can be regulated only by the Legislature.

The question has been answered to the effect that, so far as compensation is concerned, he is a city officer. (*People ex rel. Garrity* v. *Walsh*, 181 App. Div. 118; cited with approval by this court, *Ledwith* v. *Rosalsky*, 244 N. Y. 406, 410.)

The judgment should be affirmed, with costs.

POUND, Ch. J., CRANE, LEHMAN, O'BRIEN, HUBBS and CROUCH, JJ., concur; KELLOGG, J., not sitting.

Judgment affirmed.