In the Matter of LEONARD W. PFEIFFER, Appellant, *v.* ONONDAGA COUNTY LEGISLATURE et al., Respondents.

Third Department, March 11, 1969.

336

*Driscoll, Mathews, Gingold & Cass (Daniel F. Mathews, Jr.,* of counsel), for appellant.

*Eli Gingold (Ralph I. Greenhouse* of counsel), for respondents.

HERLIHY, J. P. This is an appeal by the petitioner from so much of a judgment entered in Onondaga County as denied his application for reinstatement as Clerk of the Onondaga Family Court, and from an order which denied reargument. The appeal was transferred from the Appellate Division, Fourth Department, to the Appellate Division, Third Department, pursuant to the New York Constitution. (Art. VI, § 4, subd. [i].)

The petitioner was appointed to the exempt position of Clerk of the Onondaga Children's Court on July 15, 1949. Pursuant to a reorganization process, the position of Chief Clerk of Onondaga County Family Court was created by the county on January 1, 1967. On or about January 28, 1967 the position of Chief Clerk was filled by someone not previously employed by the Family Court. From January 28, 1967 to March 9, 1968 the functions and duties of petitioner as Clerk of the Family Court were gradually and completely absorbed by the Chief Clerk. The position of Clerk of the Family Court was abolished by the county on March 4, 1968, effective March 9, 1968, and the petitioner was discharged as of the later date. The petitioner instituted the present proceeding to secure his reinstatement either in the same position of Clerk or in a similar position.

Special Term found that on and after January 1, 1967 the new position of Chief Clerk resulted in a removal of the position of Clerk of the Family Court from the exempt class of employ-

ment. The respondents, although not taking any appeal, contend that the petitioner continued in the exempt class as a "deputy" until the position was abolished and that the position of the Chief Clerk is the position of Clerk of the court as mandated by section 216 of the Family Court Act. "Clerk of the court" (Family Ct. Act, § 216) is a part of the law enacted by the New York State Legislature in creating the "Family Court Act for the State of New York" and a County Board of Supervisors or County Legislature has no power to abolish such statutory position and whether the board acted in "good faith" is of little consequence.

In *Matter of Dunkel v. Rogers* (279 App. Div. 44, 47) the court stated: "The Legislature has delegated to the board the power to determine whether or not there should be a County Attorney. It has not, however, delegated to that body power to abolish the office * * * The Legislature having failed to invest the board with such power, its exercise is clearly unwarranted and hence the resolution of the board attempting to abolish the office is of no force or effect." (See, also, *Matter of Benvenga v. La Guardia,* 268 App. Div. 566, affd. 294 N. Y. 526; *Matter of Prendergast v. Cohalan,* 101 Misc. 712, affd. 179 App. Div. 883.)

There is no doubt that a new title and office of "Chief Clerk" could be created, albeit the Family Court Act does not so provide, but such action is no basis for abolishing the statutory existing position of "Clerk of the court". In fact, it would appear from the record that the recommendation to create such additional office was due, at least in part, to the substantial increase in the work of the court, but there was no recommendation for the elimination of the "Clerk of the court", the office occupied by the petitioner. In any event, it would appear that pursuant to article 7-A of the Judiciary Law, a county has no authority to abolish a position which is part of the Unified Court System. (Cf. County Law, § 204; SCPA 2605.)

Upon the present record, there is no basis for concluding that there was merely a change in title of the office of "Clerk of the court". The job of Chief Clerk was *created* and the position of "Clerk of the court" was not then eliminated by the appropriate authority and, accordingly, the position allegedly abolished on March 9, 1968 was the statutory position required by section 216 of the Family Court Act. While a different conclusion might have been reached if the position had been abolished by the *appropriate authority* upon the occurrence of a vacancy in this statutory position after a proper transference

of the duties of the position to the office of Chief Clerk, that question does not arise in this case.

The office of "Clerk of the court" not having been legally abolished and it appearing that no successor has been appointed to the office, the petitioner, not having been legally removed or discharged, is entitled to relief. We decide no other issues.

The judgment should be reversed, on the law and the facts, and the relief prayed for in the petition granted to the extent of finding that the petitioner is the incumbent of the presently existing office of Clerk of the court and is entitled to full salary from March 9, 1968 so long as he legally continues to occupy the office. The appeal from the order should be dismissed as academic. Moreover, the appeal would be required to be dismissed in any event since an order denying reargument is not appealable.

REYNOLDS, AULISI and GREENBLOTT, JJ., concur.

Judgment reversed, on the law and the facts, with costs, and the relief prayed for in the petition granted to the extent of finding that the petitioner is the incumbent of the presently existing office of Clerk of the court, and is entitled to full salary from March 9, 1968 so long as he legally continues to occupy the office. Appeal from order dismissed, without costs.