Marvin I. Honig, Esq. County Attorney Rensselaer County
You have asked who is the appointing authority for the deputy county clerks of the Supreme and County Courts under the unified court system.
In answering your question, we start with section 28 of Article VI of the Constitution, which deals with the administrative supervision of the courts. Suvdivision (a) of that section provides:
 "The chief judge of the court of appeals shall be * * * the chief judicial officer of the unified court system. There shall be an administrative board of the courts which shall consist of the chief judge of the court of appeals as chairman and the presiding justice of the appellate division of the supreme court of each judicial department. The chief judge shall * * * appoint a chief administrator of the courts".
Subdivision (b) provides that "the chief administrator * * * shall have such powers and duties as may be delegated to him by the chief judge and such additional powers and duties as may be provided by law."
In 1978, the Chief Judge issued his Administrative Delegation as authorized by subdivision (b) (403 N.Y.S.2d No. 2, June 3, 1978, "Implementation of Constitutional Amendments Dealing with Court Administration", pp 27-31). Among the powers delegated to the Chief Administrator is the power to "[a]ppoint * * * all nonjudicial officers and employees except County Clerks [and other personnel not pertinent here]" (§ 1 [b] [iii]).
In addition, section 211, subdivision 1, of the Judiciary Law provides that:
 "The chief judge, * * * shall establish standards and administrative policies for general application to the unified court system throughout the state * * * relating to:
* * *
 "(d) Personnel practices affecting nonjudicial personnel including: title structure, job definition, classification, qualifications, appointments, promotions, transfers, leaves of absence, resignations and reinstatements, performance ratings, removal, sick leaves, vacations and time allowances."
On their face, section 28 of Article VI, adopted in November 1977, and section 211 of the Judiciary Law, enacted in 1978, grant full power to the administrators of the unified court system to appoint nonjudicial officers and employees except county clerks. The omission of the county clerk was necessary because, by virtue of section 6 (e) of Article VI, the county clerk is a clerk of the Supreme Court, but by virtue of section 13 of Article XIII, the county clerks outside the City of New York are elected.
The question you ask arises because section 526 of the County Law gives county clerks the power to appoint as many deputy county clerks as may be authorized by the county legislature (subd 3) and requires each county clerk to appoint at least one deputy county clerk who is to have all powers of the county clerk in his absence (subd 1). Section 526 has been around a long time and was last amended in 1962. Thus, a short answer to the question of who appoints deputy county clerks would be that the recent provisions supersede the earlier provision. This, however, overlooks the dual nature of the county clerk's office.
A county clerk outside the City of New York performs two distinct functions in that he is both clerk of the county and clerk of the Supreme Court. In most county clerks' offices the deputies of the county clerk are separated by function. Thus, some staff employees work solely or primarily on "county" matters, are paid by the county, and should be appointed by the county clerk. Those who work primarily on "court matters" are paid by the State and, as court employees, should be appointed by the Chief Administrator of the Courts. The fact that some of these latter employees may be deputy county clerks authorized to perform the "usual political or governmental functions" of the county clerk when he is unavailable, is not determinative. (Prendergast v Cohalan and Fowler,101 Misc. 712, 713 [1917]). If the deputy is assigned permanently to court matters, he is an assistant to the county clerk in the latter's role as clerk of the Supreme Court, a nonjudicial employee of the unified court system, subject to the appointing authority of the Chief Administrator of the Courts.
The key to determining who appoints is the work to be performed by the appointee. The title given to the appointee is relevant only in the case of the one deputy court clerk who must be appointed to serve in the county clerk's absence. (In cases of several deputy county clerks, one of them presumably is given an additional distinguishing title such as "chief deputy" or "first deputy".) Whether the county or the courts compensate the appointee is not determinative. Under normal circumstances the fiscal authorities of the county and the courts would match payrolls with work performed. If, however, there is an error in the matching, the correction is to be made in payrolls, not by shifting the appointing power.
In the unlikely event that a county clerk needs only a single deputy county clerk and proposes to put that deputy in charge of court matters, the appointing power of the Chief Administrator of the Courts would override section 526 of the County Law. A county clerk naturally has the prerogative of making recommendations for deputy county clerks to serve in the court part of his office, a prerogative that would undoubtedly be given particular weight if the deputy is the one required by section 526. In the case of a chief or first deputy who supervises both the county and the court operations of the clerk's office, the county clerk is the appointing authority by virtue of section 526.
We conclude that deputy county clerks who work exclusively or primarily on court matters are subject to the appointive authority of the Chief Administrator of the Courts while those who work exclusively or primarily on county matters are subject to the appointive authority of the county clerk.