Stephenson, J.
 

 This cause is before the court on a general demurrer to the petition herein. The facts are well pleaded. The sole question for this court is whether as a matter of law a county auditor shall be elected in Scioto county at the November election, 1932, or at the general election, 1934.
 

 The vacancy in the office was created on July 25, 1931, and more than thirty days before the November election, 1932.
 

 It is contended that because the term of county auditor is four years, and Ketter was voted for in 1930, his successor cannot be voted for until the general election of 1934.
 

 It must be borne in mind that a county auditor is a county officer and that county officers can be voted for
 
 *237
 
 in the even-numbered years. Section 4785-4, General Code.
 

 Take a hypothetical case. A county auditor is elected, and, immediately after his qualification, dies. No one can be found to accept the appointment. Must the county do without an auditor for four years, notwithstanding there is a statute that provides that county officers shall be elected every two years ? The only reason that a county auditor is not voted for every two years is because he has a four-year term. The four-year term does not affect the fact that the county auditor is a county officer.
 

 We do not think it necessary to go beyond the law as stated in Section 10, General Code, which reads as follows: “When an elective office becomes vacant, and is filled by appointment, such appointee shall hold the office until his successor is elected and qualified. Unless otherwise provided by law, such successor shall be elected for the unexpired term at the first general election for the office which is vacant that occurs more than thirty days after the vacancy shall have occurred. This section shall not be construed to postpone the time for such election beyond that at which it would have been held had no such vacancy occurred, nor to affect the official term, or the time for the commencement thereof, of any person elected to such office before the occurrence of such vacancy.”
 

 This section states plainly and succinctly that the successor of an appointee “shall be elected for the unexpired term
 
 at the first general election
 
 for the office which is vacant # * *.”
 

 The November, 1932, election is a general election. It is the first general election after the vacancy was created. This case is not affected by the clause “unless otherwise provided by law,’! as, in our opinion, there is no other provision of law affecting the time of election.
 

 
 *238
 
 The mere fact that the term of the county auditor is fixed at four years in no wise alters this statute.
 

 Counsel has well stated that it is the policy of the law that the people shall be served by the servants of their own selection, and the laws relative to filling vacancies in elective offices will be construed so as to give the people the opportunity to choose at the earliest possible time the successor to an official they have previously chosen.
 

 The demurrer will be overruled.
 

 Demurrer overruled and writ allowed.
 

 Marshall, C. J., Jones, Matthias, Day, Allen and Kinkade, JJ., concur.