THE STATE, EX REL. HECK, PROS. ATTY., *v.* AHLERS.

(No. 1921—Decided December 31, 1946.)

*Mr. Mathias H. Heck,* prosecuting attorney, and *Mr. Albert J. Dwyer,* for relator.

*Mr. Herbert D. Mills,* for respondent.

MONTGOMERY, J. One Elmer F. Tinnerman, a duly elected and acting county commissioner of Montgomery county whose term of office would have expired January 5, 1947, died August 19, 1944. One Harry E. Ullery was thereafter duly appointed and commissioned to serve until his successor should be elected and qualified. No successor was elected at the November 1944, general election.

In the 1946 November election the Board of Elections of Montgomery county submitted the official ballot containing three columns, one for the Democratic ticket, one for the Republican ticket, and one for the Social Labor ticket. On the latter there appeared candidates for governor, lieutenant governor and United States senator. All the remainder of that third ticket was blank.

The Democratic and Republican tickets showed nominees for all offices to be voted upon, excepting only "county commissioner (unexpired term)." These printed words appeared upon those two tickets, but no names appeared following this printed caption. At that election, however, certain people were voted for on each of the tickets by the names being written in and duly marked with an "X." John F. Ahlers received the highest number of votes of any person whose name was written in and he was declared elected. He qualified and has been serving as county commissioner. This action was brought to test his right to hold that office, the petition averring that Ahlers is usurping the functions of the office, and the prayer of the petition is that he be ousted therefrom.

The sole issue presented by the petition, the answer and the agreed statement of facts is whether Ahlers was duly elected to that office and entitled to hold the same.

It is the contention of the relator that "the legislative enactments concerning the preparation and use of the official ballot at the general election having made no provision for writing in names on the official ballot under the conditions and circumstances herein stated, * * * that the writing in of names in the space provided for voting for filling the unexpired term for county commissioner which contained the name of no avowed candidate was illegal."

It is conceded by all counsel that there is no provision in the statute specifically authorizing such procedure and counsel for the relator contend further that since there is a statutory provision, to wit, Section 4785-87, General Code, authorizing such writing in of names at a primary election and at no other election, it would follow that the Legislature did not intend that such be done at a general election.

Counsel for relator frankly state that they rely on the decision of the Supreme Court as announced in the case of *State, ex rel. Sagebiel,* v. *Board of Elections of Montgomery County,* 144 Ohio St., 162, 57 N. E. (2d), 661, which action involved this same vacancy due to the death of Tinnerman, and in which it was sought by the relator in that action to require the board of elections to print a separate ballot for the general election of November 1944, containing a space for the writing in of candidates for both major political parties for this unexpired term.

As we construe the holding of the Supreme Court in that case, however, it went no further than to hold that there was no duty resting upon the board of elections to prepare and submit such separate ballot. It certainly did not hold that if the same had been done, or if names had been properly written in and marked, that the one receiving the highest number of votes would not have been duly elected.

However, there is the plain provision contained in Section 10, General Code, in this language:

"When an elective office becomes vacant, and is filled by appointment, such appointee shall hold the office until his successor is elected and qualified. Unless otherwise provided by law, such successor shall be elected for the unexpired term at the first general election for the office which is vacant that occurs more than thirty days after the vacancy shall have occurred."

And consistent with that section is Section 2397, General Code, which provides what shall be done in the event of a vacancy in the office of a county commissioner occurring more than 30 days before the next general election for state and county offices.

Certainly the language contained in Section 10, General Code, is mandatory, governing such a situation as

now confronts us and all similar situations. There is in it, however, no provision as to how the ballot shall be prepared for such a situation, and as conceded by counsel and heretofore stated, there is no other statutory provision governing this matter.

In our judgment, even if there had been no printing upon the ballot of the name of this particular office, if the names of candidates should have been written in with a clear designation for the office for which they were being voted upon, and these names should have had prefixed to them the required "X," the one receiving the highest number of votes would have been duly elected.

Considerable comment is made about the failure to include the Social Labor party ticket by such printing above the blank spaces. But by the same line of reasoning we would hold if the issue were raised that on this Social Labor ticket voters might have written in and marked the names of persons for each and every office to be filled at that election and that such voting and marking would have been valid and legal.

Significant is the language of Judge Stephenson in concluding his opinion in the case of *State, ex rel. Harsha,* v. *Board of Elections of Scioto County,* 125 Ohio St., 235, on page 238, 181 N. E., 16, where he says:

"And the laws relative to filling vacancies in elective offices will be construed so as to give the people the opportunity to choose at the earliest possible time the successor to an official they have previously chosen."

There may be a judgment for the respondent and the petition of the relator is dismissed.

*Judgment for respondent.*

HORNBECK, P. J., and MILLER, J., concur.

MONTGOMERY, J., of the Fifth Appellate District, sitting by designation in the Second Appellate District.