By the Court.
 

 Belator contends that under Section 10, General Code, as applied to the instant facts, the tenure of respondent’s appointment was only until a successor could be elected and qualified at the next general election for county officers.
 

 Bespondent urges that Section 2782, General Code, provides for the election of á county engineer in 1928 and quadrennially -thereafter; that there is no provision for the election of a county engineer for a term shorter than four years; and that the election on November 5, 1946, of a county engineer to serve until January 1949, was a nullity.
 

 In the case of
 
 State, ex rel. Harsha,
 
 v.
 
 Troxel et al., Board of Elections,
 
 125 Ohio St., 235, 181 N. E., 16, this.court, construing Section 10, General Code, held: “The successor of an appointee appointed to fill a vacancy in the office of county auditor, which vacancy occurred more than thirty days before the next general election at which county officers can be voted for, must be elected at the next general election for county officers. ’ ’
 

 The relator is the duly elected and qualified engineer of Lucas county and he is entitled to possession of that office and all the franchises thereof, as prayed for in his petition.
 

 The respondent has usurped that office, and judgment of ouster is entered against him.
 

 Judgment of ouster and induction.
 

 Weygandt, C. -J., Turner, Matthias, Hart, 'Zimmerman, Bell and Sohngen, JJ., concur.