Hart, J.
 

 The sole issue in this case is whether the vacancy in the office of sheriff of Franklin county, caused by the death of the incumbent, Jacob E. San-
 
 *175
 
 dusky, should or could have been filled by an election at the election held on November 4, 1947.
 

 Sections 1 and 2, Article XVII of the Constitution, provide as follows:
 

 “Section 1. Elections for state and county, officers shall be held on the first Tuesday after the first Monday in November in the even-numbered years; and all elections for all other elective officers shall be held on the first Tuesday after the first Monday in November in the odd-numbered years.”
 

 “Section
 
 2. * * *
 

 “Any vacancy which may occur in any elective state office other than that of a member of the General Assembly or of Governor, shall be filled by appointment by the Governor until the disability is removed, or a successor elected and qualified. * * * All vacancies in other elective offices shall be filled for the unexpired term in such manner as may be prescribed by law.”
 

 Section 10, General Code, provides, in part, as follows:
 

 “When an elective office becomes vacant, and is filled by appointment, such appointee shall hold the office until his successor is elected and qualified. Unless otherwise provided by law, such successor shall be elected for the unexpired term at the first general election for the office which is vacant that occurs more than thirty days after the vacancy shall have occurred. * # *
 
 y 9
 

 Section 4785-3, General Code, defines a “general election” as follows:
 

 “a. The term ‘general election’ shall mean any election he]d on the first Tuesday after the first Monday in November.”
 

 It is the contention of the relator that, since the vacancy in the office of sheriff occurred more than 30 days before the election held on November 4,1947, and
 
 *176
 
 since that election was a general election under the definition of the statute, and since in case of a vacancy in an elective, office, filled by an appointee, his ‘ ‘ successor shall be elected for the unexpired term at the first general election for the office which is vacant that occurs more than 30 days after the vacancy should have occurred,” such vacancy for the office of sheriff should have been filled by election on November 4, 1947.
 

 In the opinion of this court such position is untenable. It entirely disregards the plain provisions of Section 1, Article XYII of the Constitution, which clearly provides that elections
 
 for
 
 state and
 
 county officers
 
 shall be held on the first Tuesday after the first Monday in November in the
 
 even-numbered years,
 
 and
 
 all elections for all other
 
 elective, officers shall be held on the first Tuesday after ¿'the first Monday in November in
 
 the odd-numbered years.
 

 In the case of
 
 State, ex rel. Harsha,
 
 v.
 
 Troxel et al., Board of Elections of Scioto County,
 
 125 Ohio St., 235, 181 N. E., 16, this court held:
 

 “The successor of an appointee appointed to fill a vacancy in the office of county auditor, which vacancy occurred more than thirty days before the next general election at which county officers can.be voted for, must be elected at the next general election for county officers.”
 

 In the course of the opinion, Judge Stephenson, to further clarify the holding of the court, said:
 

 “It must be borne in mind that a county auditor is a county officer and that county officer^ can be voted for in the even-numbered years. Section 4785-4, General Code.”
 

 Section 2828, General Code, having for its subject matter, vacancy in office of sheriff, provides:
 

 “When the office of sheriff becomes vacant, the county commissioners shall appoint a suitable person
 
 *177
 
 to fill the vacancy. The person so appointed shall give ■bond, take the oath of office prescribed for the sheriff, and hold the office until his successor is elected and qualified. *
 
 *
 
 *”
 

 The section of the statute just quoted, before it became a part of the General Code, was in force as ■Section 1208, Revised Statutes, since 1887 (84 Ohio Laws, 208). At that time the term of the office of sheriff was two years. Section 1202, Revised Statutes. At that time what is now Section 10, General Code, was Section 11, Revised Statutes, and read as follows:
 

 “When an elective office becomes vacant, and is filled by appointment, such appointee shall hold the office till his successor is elected and qualified, and such successor shall be elected at the first proper election that is held more than 30 days after the occurence of the vacancy; * * V’
 

 This court then held that the words, “first proper election,” meant the first regular recurrence of that election at which the officer whose successor was to be chosen was elected; that is, the first election occurring appropriate to that particular office.
 
 State
 
 v.
 
 Barbee,
 
 45 Ohio St., 347, 13 N. E., 731.
 

 This legislative history makes it quite evident that the slight change since made in Section 10, General Code, was to require a successor, to fill a vacancy in a county office occurring more than 30 days before an ■election for county offices, to be elected at such election for the remainder of the unexpired term.
 

 Constitutional and statutory provisions should, if possible, be so construed as to give them reasonable and operable effect. Under the present Constitution and statutes, no county ticket for election to county •offices is provided for general elections occurring in the odd-numbered years, and clearly a county board
 
 *178
 
 of elections could not be required to provide such a ticket in odd-numbered years. The only officers to be elected in the odd-numbered years are those named in paragraph
 
 d
 
 of Section 4785-4, General Code.
 

 The cases of
 
 State, ex rel. Shriver, County Engineer,
 
 v.
 
 Hayes,
 
 148 Ohio St., 681, and
 
 State, ex rel. Heck, Pros. Atty.,
 
 v.
 
 Ahlers,
 
 79 Ohio App., 311, 71 N. E. (2d), 531, cited by relator, are not in point because in those cases the “write-in” votes were cast at a general election in an even-numbered year, „at which county officers could be elected.
 

 The demurrer is sustained, and the writ denied.
 

 Writ denied.
 

 Weygandt, C. J., Turner, Matthias, Zimmerman, Sohngen and Stewart, JJ., concur.